\* MOERLEIN BREWING CO. v. JOHN H. WESTMEIER ET AL.

1. NEW PARTY MADE AT ANY TIME BEFORE DISTRIBUTION.

After real estate has been sold on foreclosure of a mortgage, and the funds are in court for distribution, the court may permit the city to be made a party, and set up a claim of lien for an assessment on the property for improvement of the street on which it abuts.

2. STREET ASSESSMENT PRIOR LIEN TO A MORTGAGE.

Such assessment, though not certified upon the tax duplicate, is a lien under sec. 2285, from the date of the assessment, and is prior to any mortgage given by or judgment rendered against the owner on an ordinary debt.

3. ALLOWANCE FOR ASSESSMENTS PAYABLE IN INSTALLMENTS.

When the terms of the ordinance of assessment provide that if the assessment be not paid within twenty days, it shall then be payable in ten equal annual installments with interest, the amount to be decreed to the city is the present value of such obligation, or the court may decree that amount to the owner of the land, charging the lien for all the payments on the land and to be paid by him as they mature.

4. RELEASE OF DOWER DOES NOT INURE TO OTHER CREDITORS.

When a wife has united with her husband in a mortgage of his property releasing her right of dower therein, on sale of the property on foreclosure her contingent right of dower is to be ascertained in the entire proceeds of the sale, from tables of mortality, aided by evidence respecting the state of health and constitutional vigor of husband and wife respectively, and his interest therein shall be exhausted before resorting to

---

\* This case was distinguished by the circuit court in Ditley v. Ellifritz, 1 Ohio Dec., 504,

the interest of the wife. The release of the wife's dower in the mortgage does no
inure to the benefit of subsequent judgment creditors, as held in Mandel v. McClave
46 O. S., 407.

5. EFFECT OF APPEAL FROM DISTRIBUTION.

A distributee's general appeal from a distribution carries up the whole decree.

ERROR to the Court of Common Pleas of Hamilton county.

COX, J.

The plaintiff filed a petition in the court of common pleas, September 1,
1888, against Westmeier and wife and sundry persons, claiming judgment liens
against Westmeier, to foreclose a mortgage on his real estate on Jefferson
avenue, Cincinnati, given by Westmeier and wife (his wife releasing dower) to
secure a promissory note for two thousand dollars, with six per cent. interest.
Mortgage and note dated August 20, 1885. The defendants filed answers setting
up various judgments obtained against Westmeier subsequent to the recording
of the mortgage, and ask that the premises be sold and proceeds applied to the
payment of their claims.

J. H. Westmeier filed his answer, admitting claim of plaintiff, and consent-
ing to a sale.

October 10, 1888.—Agnes Westmeier, wife of John H., answers, claiming
that she is the wife, aged 42 years, and is entitled to dower, and homestead in
the premises, and also alimony; that on the 3rd of July, 1888, she filed a petition
in the court of common pleas of Hamilton county for alimony, and an injunction
was issued restraining defendant from encumbering his property, and requiring
him to pay her as alimony *pendente lite* $35 per month, out of the rents of said
property.

November 7, 1888.—A decree for sale of premises was rendered, reserving
all questions as to liens and priorities.

November 16.—The answer of I. Sandheger was filed by leave, setting up
a judgment lien for $82.94 and costs, from September 20, 1888, with interest.

A receiver was appointed to take possession and collect rents.

The property was sold by the sheriff January 26, 1889, free of the leasehold
suit of Wm. Volz for $3,130, and on the 9th of February the sale was confirmed,
the costs ordered to be paid out of the fund, and the case passed for further dis-
tribution.

On February 15, John R. Von Seggern, the purchaser at sheriff's sale, and
the city of Cincinnati, were made parties on their representation that they were
interested, and leave was given them to file their answer. Thereupon, the city
filed her answer and cross-petition February 16, 1889, setting up that on the
16th of December, 1887, an ordinance was passed by the proper authority of said
city to improve Jefferson avenue (on which this property fronts); that it was
accordingly improved, and the costs and expenses assessed on the property
bounding and abutting on said avenue by an ordinance duly passed December
26, 1888; that Westmeier was then the owner, and the assessment, if paid in cash
within twenty days after the passage of the ordinance, would have been $316.11;
but the same was not then paid, and under the terms of said assessing ordinance,
it became payable in ten annual installments, with interest thereon, bonds having
been issued therefor; and that the assessment on said lot, with interest, under the
ordinance amounts to $403.04, and that said assessment is the first and best lien
on said property. Wherefore the city prays that said claim be first paid out of
the proceeds of sale.

March 20, 1889.—Final decree of distribution was made, on which the court
finds that after payment of the costs there is in the hands of the sheriff $2,970.06,
and orders its distribution as follows:

First.—The taxes and penalty for the year 1888.

Second.—To the city of Cincinnati $403.04, the amount now owing to it for mprovement of Jefferson street, which is the second lien.

Third.—To the Moerlein Brewing Co., on their mortgage, $2,432.90 as the hird lien.

Fourth.—To Agnes Westmeier, $3.76, which the court finds to be the value bf her contingent right of dower and fourth lien.

Fifth.—The balance to Wm. H. Jones, assignee of judgment of John A. Caldwell, which is found as fifth lien.

From this decree Westmeier and wife gave notice of appeal, but did not berfect it by filing a bond. Wm. H. Jones gave notice of appeal generally, and also from so much of said decree as orders the payment to the city of Cincinnati. Bond fixed at $500, which was given. Stoffer and Julg also gave general notice bf appeal; bond fixed at $500, which they gave March 28, 1889.

The first question raised is, what is brought up by the appeal of W. H. Jones and Stoffer and Julg?

Second.—Is the assessment of the city of Cincinnati for street improvement a lien, on the fund, or must the purchaser at sheriff's sale take the property subject to it?

Third.—If it be a lien on the fund, for what amount is it a lien, and how may the court direct it to be paid?

Fourth.—Is Agnes, wife of John Westmeier, entitled to alimony or a homestead in the premises?

Fifth.—Is she entitled to dower out of the fund; and if so, how much?

As to the first question, we are of the opinion that the appeal brings up the whole case, although in one part of the notice W. H. Jones specifies that he appeals only from that part of the decree giving the assessment fund to the city, yet on the other it is a general notice of appeal, and if there be any doubt as to him, there can be none as to Stoffer and Julg, for they gave notice of appeal without any qualification.

Second.—As to the payment of the assessment for that improvement:

It is claimed on the part of the judgment creditors that to the purchaser at sheriff's sale, *caveat emptor* applies, and that there is no provision of the statute which will allow this to be paid from the fund. That the city was not a party to the case, and that the assessment is in the nature of a tax which under sec. 2854, Rev. Stat., could only be taken from the fund when the tax was ascertained and placed on the duplicate. It is true the city was not a party at the inception of the case, but after the property was sold, and while the fund was in the control of the court, it was given leave to be made a party to set up its lien. This is well settled in Porter v. Barclay, 18 O. S., 547, and is in accordance with the practice of our courts for many years. Is this assessment a lien on the property? It is true, if not paid, it may be put on the general tax duplicate, and collected as other taxes, but whether put on the tax duplicate or not, it is a lien, and is made so "from the date of the assessment" by sec. 2285, Rev. Stat., and the amount is then ascertained.

This statute was recognized and sustained by the supreme court in the following cases: Bonte v. Taylor, 24 O. S., 628; Reynolds v. Green, 27 *Ib.*, 416; Cincinnati v. Oliver, 31 *Ib.*, 371, and Brenchweh v. Drake, 652. In the district court of this county, in Clifton v. The City, 6 Am. Law Rec., 687 (5 Dec. R., 570), it was held to be a lien paramount to a mortgage for the purchase-money. Being a lien, therefore, paramount to that of any other party in the suit, it was entirely proper for the court to permit the city to be made a party, even after sale and confirmation, and to distribute to it the assessment out of the fund, as being a lien on the property from which it was derived.

The assessment not having been paid at the time specified in the ordinance, was by its terms then payable in yearly installments running for ten years, and the city could issue bonds for that amount. The amount of this assessment was

$316.11, for which the city issued bonds, running ten years, with annual interest. The court below decreed to the city $403.00 as the amount owing at the time of the decree.

We think the true rule should be, to give to the city what would be the present value of an indebtedness payable in annual installments, with interest, for ten years. Or, if the property-holder preferred, to give that amount to him from the fund, leaving the lien on the land to be satisfied as the annual payments became due.

The claim of Agnes for a homestead is not allowed, inasmuch as it is not claimed that at the time of the distribution she and her husband were occupying the premises as a homestead, but they were in fact occupying a different place, and living separately from each other.

As to her contingent right of dower, that is to be ascertained in the entire proceeds from tables of mortality, aided by evidence respecting the state of health and constitutional vigor of the husband and wife respectively and the husband's interest therein exhausted to pay the debt secured by the mortgage they have executed, before resorting to the interest of the wife. The release in such mortgage of the contingent right of dower does not enure to the benefit of the husband's subsequent judgment creditors, and, as against them, the ascertained value of the contingent right of dower in the entire proceeds of the sale will be paid to her out of the balance left after the taxes for 1888, and assessment and mortgage debt is paid, before any part thereof will be distributed to the subsequent judgment creditors, as laid down by the supreme court in Mandel v. McClave, 46 O. S., 407.

The fund will be distributed: First.—Costs and taxes on general duplicate for 1888. Second.—Assessment for street improvement. Third.—The mortgage debt. Fourth.—The wife's contingent right of dower. Fifth.—Judgment liens in order of priority.

Von Seggern, Phares & Dewald, for plaintiff in error.

J. R. Von Seggern, Dustin & Pugh, and W. H. Jones, for defendant in error.